*Thursday, December 19, 1991*
## MOTION DOCKET

**91–1351.** State v. Schaim. *Hamilton County,* No. C–900011. This cause is pending before the court as an appeal and cross-appeal from the Court of Appeals for Hamilton County. Upon consideration of appellant/cross-appellee's motion for removal of bond restrictions,

IT IS ORDERED by the court that said motion for removal of bond restrictions be, and hereby is, denied, effective December 18, 1991.

**91–2157.** State v. Doles. *Ross County,* No. 1660. This cause is pending before the court on the filing of a motion for leave to appeal from the Court of Appeals for Ross County and as a claimed appeal as of right from said court. Upon consideration of appellant's motion to continue stay of execution of sentence and release on bail,

IT IS ORDERED by the court that said motion be, and hereby is, granted, effective December 18, 1991.

IT IS FURTHER ORDERED that bond shall continue as originally set by the Fourth District Court of Appeals.

DOUGLAS, J., would remand this cause to the trial court to set bond pending appeal.

*Tuesday, December 24, 1991*

**89–2128.** State v. Jackson. *Cuyahoga County,* No. 55758. UPON CONSIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective December 23, 1991.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

*Thursday, December 19, 1991*
## MISCELLANEOUS DISMISSALS

**91–1970.** State, ex rel. Pusey, v. Cronin. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relator's application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective December 16, 1991.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

**91–2111.** Akron v. Bilder. *Summit County,* No. 14505. *Sua sponte,* cause dismissed for want of prosecution, effective December 16, 1991.

**91–2191.** Paghi v. Indus. Comm. In Mandamus. This cause originated in this court on the filing of a complaint for a writ of mandamus. Upon consideration of relators' application to dismiss,

IT IS ORDERED by the court that said application be, and the same is hereby, granted, effective December 16, 1991.

ACCORDINGLY, IT IS FURTHER ORDERED by the court that this cause be, and hereby is, dismissed.

### Tuesday, December 24, 1991

**91–82.** State, ex rel. Hayes, v. Doctors Hosp. *Franklin County*, No. 90AP–152. Cause dismissed, on appellant's application to dismiss, effective December 23, 1991.

**91–1933.** State v. Mosley. *Montgomery County*, No. CA 11824. *Sua sponte*, cause dismissed for want of prosecution, effective December 23, 1991.

**91–2136.** Jackson v. Keffler Constr. Co. *Mahoning County*, No. 90 C.A. 198. This cause is pending before the court on the filing of a motion and cross-motion for an order directing the Court of Appeals for Mahoning County to certify its record and as a claimed appeal as of right from said court. It appears from the records of this court that appellant/cross-appellee has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that said appeal be, and hereby is, dismissed *sua sponte*, effective December 23, 1991.

Said cause shall remain pending in all other respects.

**91–2196.** State v. Harris. *Mahoning County*, No. 89 C.A. 39. *Sua sponte*, cause dismissed for want of prosecution, effective December 23, 1991.